ORIGINAL

FILED

09/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0687

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0687

BRADLEY C. WORKMAN AND
KAREN M. WORKMAN,

Plaintiffs and Appellants,

v.

BRIAN KENNETH STAINTHORPE,

Defendant and Appellee.

O R D E R

FILED

SEP 1 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellants Bradley C. Workman and Karen M. Workman move to strike Exhibits A through D attached as appendices to the Answer Brief of Appellee Brian Kenneth Stainthorpe on the grounds that these appendices consist of documents that were not part of the District Court record below. Workmans further move this Court to strike "all argument associated with those appendices" and consider further sanctions against Stainthorpe for submitting these exhibits.

Stainthorpe opposes the motion to strike, arguing he should be permitted to file Exhibits A through D because he referenced them in his brief, these exhibits were disclosed to Workmans prior to trial in the District Court, and Stainthorpe "would have" attached those exhibits to his response brief if Workmans had filed certain motions in the District Court. Stainthorpe further alleges his counsel referenced the existence of these documents in response to an objection Workmans' counsel made at trial.

Under M. R. App. P. 8(1), and except as otherwise provided by the Montana Rules of Appellate Procedure, the record on appeal consists of the original papers and exhibits filed in the district court, the transcript of the [district court] proceedings, and a certified copy of the docket. Since Exhibits A through D were not filed in the District Court, they are not properly before this Court on appeal unless they fall under an exception to this Rule. Stainthorpe argues that M. R. App. P. 12(5) offers such exception. It provides a party may

file an appendix containing documents or materials either referenced in the brief or are otherwise of assistance to this Court in reviewing the brief. Stainthorpe misapprehends Rule 12(5), as this Court considers only the district court record on appeal; parties are bound by the record and may not add additional matters in briefs or appendices. *State v. J.C.*, 2004 MT 75, ¶¶ 25-26, 320 Mont. 411, 87 P.3d 501. Exhibits A through D are thus not properly before this Court.

Although Workmans further ask this Court to strike "all argument associated with those appendices" made by Stainthorpe in his Answer Brief, Workmans do not specify those portions of the Answer Brief. This Court will not comb the brief on Workmans' behalf; as the moving party, the burden of persuasion was theirs and the Court will not develop their arguments for them.

IT IS THEREFORE ORDERED that Appellants' motion to strike Exhibits A through D attached as appendices to Appellee's Answer Brief is GRANTED.

IT IS FURTHER ORDERED that Appellants' motion to strike arguments made by Appellee in his Answer Brief is DENIED.

IT IS FURTHER ORDERED that Appellants' motion for sanctions is DENIED.

The Clerk is directed to remove the appendices to Appellee's Answer Brief. The Clerk is further directed to give notice of this Order to all counsel of record.

Dated this 17 day of September, 2024.

_____

_____

_____

_____

2

_____
Justices